64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary E. SUSSER, Plaintiff-Appellant,
v.
CINCINNATI INSURANCE COMPANY; Jack Morgan; Grange Mutual
Insurance Company; American States Insurance Company; Gary
R. Haines, Sheriff, Montgomery County; Jim E. Brown, Deputy
Sheriff; John Doe; Jane Does, Defendants-Appellees.
 No. 94-4246.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: KENNEDY, WELLFORD and SILER, Circuit Judges.
 
 ORDER
 
 1
 Gary E. Susser appeals pro se the judgment for defendants in this civil rights action. 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Susser sought $60 million in compensatory and $180 million in punitive damages from three insurance companies, an insurance investigator, the sheriff and deputy sheriff of Montgomery County, Ohio, and other unknown parties, whom Susser alleged had conspired to violate his civil rights by denying his insurance claims and falsely implicating him in criminal activities, which led to his permanent disbarment from the practice of law in Ohio. He also alleged claims of breach of contract, bad faith, perjury, negligence, and intentional infliction of emotional distress. After discovery, all defendants moved for summary judgment, and Susser filed a response. The motions were argued before a magistrate judge, who recommended that summary judgment for defendants be granted. Susser failed to object to the magistrate judge's report. The district court adopted the report as uncontested. On appeal, Susser raises several issues regarding the disposition of the merits of his complaint, but offers no explanation of his failure to object to the magistrate judge's report, nor any argument as to why this failure should be overlooked.
 
 
 3
 Upon review, we conclude that the district court's judgment must be affirmed, as Susser waived his right to appeal by failing to object to the magistrate judge's report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). While such a waiver may be overlooked in the interests of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987), this is not such a case. Unlike Kent, in this case no objections were filed, and there is no argument by Susser that the magistrate judge's report was late in arriving or that the district court entered judgment prematurely. Most importantly, this appeal does not raise questions of import that would call for overlooking the waiver. Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.